UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No.:1:26-cv-20203-KMM

GOVERNMENT EMPLOYEES' INSURANCE CO.,
GEICO INDEMNITY CO., GEICO GENERAL INSURANCE
COMPANY, and GEICO CASUALTY CO.,
        Plaintiffs,

vs.

MEDSALUD  LLC,  JUAN CARLOS HERNANDEZ MILIAN, et. al.,
        Defendants.

_____/

## DEFENDANTS', MEDSALUD, LLC AND JUAN CARLOS HERNANDEZ MILIAN, MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT AND MEMORANDUM OF LAW, OR ALTERNATIVELY, MOTION FOR MORE DEFINITE STATEMENT

Defendants, MEDSALUD, LLC ("MedSalud") and JUAN CARLOS HERNANDEZ MILIAN ("Milian"), by and through the undersigned counsel, pursuant to **Federal Rules of Civil Procedure 8(a), 9(b), 10(b) and 12(b)(6),** move to dismiss Plaintiffs' Amended Complaint and Memorandum of Law, or Alternatively, Motion For More Definite Statement, and in support thereof states as follows:

### I.    OVERVIEW

1.    On January 13, 2026, Plaintiffs Government Employees Insurance Company and GEICO General Insurance Company (collectively, "GEICO") filed this action alleging that Defendants MedSalud, LLC ("MedSalud") and Juan Carlos Hernandez Milian ("Milian") participated in a multi-year fraudulent personal injury protection ("PIP") billing scheme, asserting claims under federal and Florida RICO, FDUTPA, common law fraud, unjust enrichment, civil conspiracy, and seeking declaratory relief.

2.　　GEICO later filed an Amended Complaint attaching additional exhibits consisting primarily of billing spreadsheets and claim summaries for services allegedly rendered between 2023 and 2026.

3.　　Despite its length and exhibits, the Amended Complaint fails to identify any specific false claim or misrepresentation. It does not allege the contents of any claim, the patient involved, the provider, or facts showing that any service was not performed, and instead relies on generalized allegations of a "scheme," including "illusory examinations," "predetermined treatment protocols," and excessive billing derived from aggregated data.

4.　　The attached spreadsheets—listing claim numbers, CPT codes, mailing dates, and amounts—reflect routine billing information and do not identify any fraudulent treatment, impossible service, or specific misrepresentation. Nor does the Amended Complaint allege that Milian personally participated in any wrongdoing or exercised the operational control required for individual liability under RICO. See *Reves v. Ernst & Young*, 507 U.S. 170 (1993).

5.　　The Amended Complaint does not satisfy Federal Rule of Civil Procedure 9(b), as it fails to plead fraud with particularity, and does not meet the plausibility standard required by *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

6.　　At its core, GEICO attempts to transform a statutory PIP billing dispute—governed by Florida's comprehensive no-fault framework—into a federal racketeering action. But the Amended Complaint relies on conclusory allegations, statistical inference, and impermissible group pleading rather than defendant-specific facts, and fails to identify any particular false claim, misrepresentation, or use of the mails or wires sufficient to provide fair notice under Rules 8 and 10(b).

7. Federal pleading standards do not permit claims to proceed based on generalized suspicion or billing patterns alone. Because GEICO fails to plead fraud with particularity and does not state a plausible claim for relief, the Amended Complaint should be dismissed, or alternatively, GEICO should be required to provide a more definite statement identifying the specific allegedly fraudulent conduct.

## II.    LEGAL STANDARD

8. To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must plead sufficient factual matter, accepted as true, to state a claim that is plausible on its face.

9. A claim is plausible only where the pleaded facts permit the Court to draw a reasonable inference that the defendant is liable for the misconduct alleged. Mere labels, conclusions, and formulaic recitations of elements are insufficient.

10. Where, as here, claims sound in fraud, Federal Rule of Civil Procedure 9(b) imposes a heightened pleading standard requiring a plaintiff to allege with particularity the "who, what, when, where, and how" of the alleged misconduct.

11. In the context of alleged fraudulent billing, the Eleventh Circuit requires identification of specific false claims submitted for payment. Generalized allegations of a "scheme," unsupported by particularized facts identifying actual false submissions, are insufficient as a matter of law.

12. These standards are strictly enforced to prevent plaintiffs from using conclusory allegations of fraud to gain access to discovery.

## III.    GROUNDS FOR DISMISSAL

13. The Amended Complaint should be dismissed under Federal Rules of Civil Procedure 8(a), 9(b), 10(b), and 12(b)(6) because it fails to plead fraud with particularity, fails to

state a plausible claim for relief, and fails to provide fair notice of defendant-specific conduct. Despite its length and exhibits, it relies on conclusory allegations, statistical inference, and impermissible group pleading, and does not identify any specific fraudulent claim or differentiate among Defendants.

14. As set forth below, the Amended Complaint suffers from multiple independent pleading defects under Rules 8, 9(b), and 12(b)(6), and improperly seeks to proceed to discovery in search of a viable claim rather than pleading one in the first instance.

A. **The Amended Complaint Remains an Impermissible Shotgun Pleading in Violation of Rules 8 and 10(b)**

15. The Amended Complaint should be dismissed as an impermissible shotgun pleading in violation of Federal Rules of Civil Procedure 8(a), 8(d), and 10(b), which require a "short and plain statement" with allegations that are "simple, concise, and direct," and claims stated in discrete counts. Fed. R. Civ. P. 8(a)(2), 8(d)(1), 10(b).

16. Despite being styled as an amended pleading, the Amended Complaint spans over one hundred pages, includes hundreds of paragraphs and voluminous exhibits, and repeatedly incorporates sweeping factual narratives into each count, obscuring the claims and failing to provide fair notice.

17. The Eleventh Circuit has repeatedly condemned such "shotgun pleadings" for failing to give defendants adequate notice of the claims and their factual bases. See *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1320–23 (11th Cir. 2015); *Barmapov v. Amuial*, 986 F.3d 1321, 1324–25 (11th Cir. 2021).

18. First, each count improperly incorporates all preceding allegations, many of which are irrelevant to the elements of the claims asserted, rendering the pleading defective. See *Magluta*

*v. Samples*, 256 F.3d 1282, 1284 (11th Cir. 2001); *Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp.*, 305 F.3d 1293, 1295 (11th Cir. 2002).

19. Second, the Amended Complaint relies on impermissible group pleading by attributing conduct to "Defendants" collectively, failing to differentiate among them. Such pleading is routinely rejected. See *Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1357–58 (11th Cir. 2018); *Ambrosia Coal & Constr. Co. v. Morales*, 482 F.3d 1309, 1320 (11th Cir. 2007).

20. Third, the Amended Complaint is replete with conclusory allegations and generalized narratives untethered to specific causes of action, preventing Defendants from framing a responsive pleading.

21. Where, as here, a complaint constitutes a shotgun pleading, dismissal with leave to replead is required. See *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295–96 (11th Cir. 2018). Accordingly, the Amended Complaint should be dismissed.

**B. The Fraud-Based Claims Fail to Satisfy the Heightened Pleading Requirements of Rule 9(b)**

22. GEICO's claims are grounded in allegations of fraud, including "fraudulent billing," "illusory examinations," "predetermined treatment protocols," and submission of claims for services allegedly unnecessary or not performed. As such, they are subject to the heightened pleading requirements of Federal Rule of Civil Procedure 9(b).

23. Rule 9(b) requires a plaintiff to plead with particularity the "who, what, when, where, and how" of the alleged misconduct, including the precise statements, the time and place, the person responsible, how the statements misled the plaintiff, and what the defendant gained. See Brooks v. Blue Cross & Blue Shield of Fla., Inc., 116 F.3d 1364, 1371 (11th Cir. 1997); Am. Dental Ass'n v. Cigna Corp., 605 F.3d 1283, 1291 (11th Cir. 2010). In fraudulent billing cases, the plaintiff

must identify specific false claims submitted for payment and provide "some indicia of reliability" that such claims were actually submitted. See Clausen v. Lab. Corp. of Am., 290 F.3d 1301, 1311–12 (11th Cir. 2002).

24. These requirements are strictly enforced to prevent plaintiffs from using conclusory fraud allegations to conduct fishing expeditions through discovery. See United States ex rel. Atkins v. McInteer, 470 F.3d 1350, 1357–59 (11th Cir. 2006).

25. The Amended Complaint fails to satisfy Rule 9(b). Although GEICO repeatedly alleges fraudulent billing, it does not identify a single claim submission by MedSalud that contained a false representation, nor does it allege the contents of any claim, when it was submitted, who submitted it, what statement was false, or facts showing any billed service was not rendered or was medically unnecessary.

26. Instead, GEICO relies on generalized allegations of a purported scheme and aggregated billing spreadsheets listing claim numbers, CPT codes, dates of service, and billed amounts. Such summary data does not identify any specific misrepresentation and cannot satisfy Rule 9(b). See Clausen, 290 F.3d at 1311–12.

27. The Amended Complaint also impermissibly relies on group pleading by attributing alleged misconduct to "Defendants" collectively, without identifying which defendant made any particular misrepresentation, in violation of Rule 9(b). See Am. Dental Ass'n, 605 F.3d at 1291.

28. In sum, GEICO fails to allege the required "who, what, when, where, and how" of any fraudulent claim submission and does not identify a single false claim submitted by MedSalud or any specific misrepresentation by Milian. The fraud-based claims therefore fail as a matter of law.

**29.**     Rule 9(b) serves a critical gatekeeping function, and GEICO's attempt to proceed on a broad "scheme" without identifying specific false claims is precisely what the Rule forbids. Allowing such claims to proceed would effectively nullify Rule 9(b)'s particularity requirement in billing fraud cases.

**C. Allegations of High Volume, Repetitive Billing, or Standardized Treatment Protocols Do Not Constitute Fraud as a Matter of Law**

30.     Even if accepted as true, the Amended Complaint fails to state a claim because it improperly equates lawful, high-volume medical billing, repetitive coding, and standardized treatment protocols with fraud. These practices are consistent with legitimate medical operations, particularly where patients present with similar conditions requiring similar treatment, and—without more—do not plausibly establish falsity.

31.     It is well-settled that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint must allege facts that "nudge[] [the] claims across the line from conceivable to plausible." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). Plaintiff's allegations fail this standard because they rely on speculation and inference rather than concrete factual assertions of falsity.

32.     Courts routinely reject attempts to transform lawful billing practices into fraud based solely on volume, repetition, or perceived improbability. The Eleventh Circuit requires specific factual content demonstrating falsity—not generalized allegations of suspicious patterns. See *United States ex rel. Mastej v. Health Mgmt. Assocs., Inc.*, 591 F. App'x 693, 704 (11th Cir. 2014); *Corsello v. Lincare, Inc.*, 428 F.3d 1008 (11th Cir. 2005).

33.     Here, Plaintiff does not identify a single false claim or any service that was not rendered or medically unnecessary, and instead relies on statistical summaries, generalized billing trends, and subjective assertions of "improbability," which are insufficient as a matter of law.

34.     Standardized treatment protocols reflect accepted medical practices designed to ensure consistency of care, and recurring billing codes are a natural consequence of treating similar conditions across patients. Without particularized allegations demonstrating falsity as to any specific claim, Plaintiff's theory amounts to speculation.

35.     Accordingly, Plaintiff's reliance on billing volume, repetition, and standardized practices as proxies for fraud fails to establish falsity, fails to satisfy Rule 9(b), and fails to meet the plausibility standard under Rule 8. All claims predicated on such allegations should be dismissed.

**D.  The Billing Exhibits Attached to the Amended Complaint Do Not Support the Alleged Fraudulent Scheme**

**36.**     The Amended Complaint relies extensively on billing spreadsheets and claim summaries reflecting services purportedly rendered between 2023 and 2026. These exhibits contain only routine billing data—claim numbers, dates of service, CPT codes, billed amounts, and submission dates—and reflect commonly used physical therapy and diagnostic imaging codes, none of which are inherently improper or indicative of fraud, nor do they support an inference that services were not rendered or were medically unnecessary.

**37.**     Critically, the exhibits do not identify a single false claim, any patient whose treatment was fraudulent, any provider who rendered impossible or non-existent services, or any statement within a claim that was false or misleading.

**38.** Instead, GEICO asks the Court to infer fraud from aggregated billing data and generalized patterns. The Eleventh Circuit has repeatedly rejected this approach, holding that allegations based on statistical summaries or billing patterns—without identifying specific false claims—are insufficient as a matter of law. See *Clausen v. Lab. Corp. of Am.*, 290 F.3d 1301, 1311–12 (11th Cir. 2002).

**39.** GEICO further relies on statistical inferences, including conclusory assertions that certain treatment volumes were "impossible" or indicative of fraud. Such allegations are speculative. At the pleading stage, a plaintiff must allege facts—not assumptions—supporting a plausible inference of misconduct. See *Twombly*, 550 U.S. at 555–56; *Iqbal*, 556 U.S. at 678.

**40.** The Amended Complaint does not allege that any services were not rendered, identify any patient who did not receive treatment, any provider who performed impossible services, or any claim containing a false representation, and instead relies entirely on interpretations of billing volume and patterns.

**41.** These allegations ignore obvious lawful explanations consistent with legitimate medical practice, including multiple providers, overlapping or concurrent treatment, support staff, and the fact that CPT codes often reflect units of service rather than exclusive time blocks. Without addressing these variables, GEICO's "impossibility" theory remains conjecture.

**42.** The Eleventh Circuit has rejected precisely this type of pleading, holding that allegations based on assumptions or statistical patterns, without identifying specific false claims, fail to satisfy Rule 9(b) and do not state a plausible claim. See *Clausen*, 290 F.3d at 1311–12.

**43.** Because GEICO's allegations rest on speculative interpretations of billing data rather than particularized facts identifying false claims or misrepresentations, they fail under Twombly, Iqbal, and Rule 9(b).

**44.** Moreover, where exhibits fail to support—or contradict—conclusory allegations, the Court need not accept those allegations as true and may rely on the exhibits themselves. See *Griffin Indus., Inc. v. Irvin*, 496 F.3d 1189, 1206 (11th Cir. 2007). Here, the exhibits confirm only routine billing practices and undermine GEICO's theory of fraud.

**45.** Finally, GEICO fails to plausibly allege that any services were medically unnecessary. The Amended Complaint identifies no patient, medical record, clinical finding, or provider determination supporting such conclusions and instead relies on generalized assertions derived from billing patterns.

**46.** Accordingly, because the exhibits fail to identify any actionable misrepresentation or false claim—and instead undermine the alleged scheme—the Amended Complaint fails to state a claim and should be dismissed.

## E. The Federal RICO Claim Fail as a Matter of Law

**47.** GEICO asserts claims under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962(c). To state a civil RICO claim, a plaintiff must plausibly allege: (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity, and (5) resulting injury to business or property. See *Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 496 (1985). The Amended Complaint fails to adequately plead multiple essential elements.

### i. GEICO Fails to Plead Predicate Acts of Mail or Wire Fraud with Particularity

**48.** GEICO's attempt to recast a routine insurance reimbursement dispute as a federal racketeering action fails at the threshold because it does not plead any predicate act of mail or wire fraud with the particularity required by Rule 9(b). See Ambrosia Coal & Constr. Co. v. Morales, 482 F.3d 1309, 1316–17 (11th Cir. 2007).

49. Rule 9(b) requires allegations of the "who, what, when, where, and how" of the alleged fraud. See Am. Dental Ass'n v. Cigna Corp., 605 F.3d 1283, 1291 (11th Cir. 2010).

**50.** The Amended Complaint does not identify a single false claim, the contents of any misrepresentation, the responsible individual, or when any such communication occurred. Instead, GEICO relies on generalized allegations that claims were submitted through routine billing channels, which is insufficient as a matter of law.

### ii. GEICO Fails to Plead a Pattern of Racketeering Activity

51. GEICO also fails to plausibly allege a pattern of racketeering activity. The allegations describe a single, unified scheme involving one insurer—GEICO—and a discrete set of billing transactions, which is insufficient to establish continuity.

52. A "pattern of racketeering activity" requires predicate acts that are both related and continuous. See *H.J. Inc. v. Northwestern Bell Tel. Co.*, 492 U.S. 229, 239–42 (1989). The Amended Complaint fails to allege continuity. Closed-ended continuity requires a series of related acts over a substantial period, and allegations involving a single scheme directed at a single victim are generally insufficient. See *Jackson v. BellSouth Telecommunications*, 372 F.3d 1250, 1267 (11th Cir. 2004).

53. Here, GEICO alleges only a single scheme involving PIP billing to itself, which does not constitute the ongoing racketeering activity required under RICO.

### iii. GEICO Fails to Plead the Existence of a Distinct RICO Enterprise

54. GEICO fails to plead the existence of a distinct RICO enterprise. The Amended Complaint describes nothing more than ordinary business relationships among healthcare providers and does not allege any structure, hierarchy, or coordinated decision-making distinct from routine business operations.

55.     A civil RICO claim requires an enterprise that is distinct from the defendants themselves. See *Cedric Kushner Promotions, Ltd. v. King*, 533 U.S. 158, 161 (2001). An association-in-fact enterprise must also have a structure, including relationships among its members and longevity sufficient to pursue a common purpose. See *Boyle v. United States*, 556 U.S. 938, 946 (2009).

56.     Courts in this Circuit routinely dismiss RICO claims premised on ordinary commercial or billing disputes where the alleged conduct does not extend beyond the parties' business relationship. Even accepting GEICO's allegations as true, here at most, it describes, a dispute over insurance billing practices—not the type of conduct RICO was designed to address.

### iv.     GEICO Fails to Allege That Defendants Participated in the Operation or Management of the Enterprise

57.     The Amended Complaint fails to allege that Defendants participated in the operation or management of the alleged enterprise—particularly Defendant Milian—by directing, managing, or controlling its affairs. Liability under § 1962(c) attaches only to those who do so, and conclusory allegations of ownership or association are insufficient. See Reves v. Ernst & Young, 507 U.S. 170, 185 (1993).

### v.     GEICO Fails to Plead Proximate Cause

58.     GEICO fails to plead proximate causation. The Amended Complaint does not identify any specific payment made in reliance on a particular misrepresentation or connect any alleged injury to a defined predicate act, and instead relies on generalized allegations and aggregate billing data. A civil RICO claim requires a direct causal relationship between the alleged predicate acts and the plaintiff's injury. See Hemi Group, LLC v. City of New York, 559 U.S. 1, 9 (2010); Anza v. Ideal Steel Supply Corp., 547 U.S. 451, 457 (2006). Because GEICO fails to plead

predicate acts, a pattern, an enterprise, operation or control, and proximate causation, the RICO claims must be dismissed.

59.     GEICO's theory improperly attempts to transform a statutory PIP billing dispute into a RICO claim. Federal courts consistently reject such efforts where the allegations concern routine insurance reimbursement issues governed by comprehensive state regulatory frameworks.

### vi.     GEICO Fails to Plead Reliance

60.     GEICO's fraud-based claims independently fail because the Amended Complaint does not plausibly allege reliance on any specific misrepresentation. To state a claim for fraud, a plaintiff must allege that it relied on a particular false statement to its detriment.

61.     GEICO does not identify any specific representation upon which it relied in making any payment, but instead alleges that claims were submitted through routine billing processes and paid pursuant to statutory obligations under Florida's PIP framework

62.     Such allegations reflect automated claims processing—not reliance on specific misrepresentations. Absent allegations that GEICO actually reviewed and relied on particular false statements, the claims fail as a matter of law.

### F.  The Amended Complaint Fails to State a Claim Against Defendant Milian

63.     The Amended Complaint fails to state a claim against Defendant Juan Carlos Hernandez Milian ("Milian") because it does not allege facts demonstrating his personal participation in any wrongdoing and instead relies on conclusory assertions and impermissible group pleading that fails to distinguish his conduct from that of MedSalud. A corporation is a separate legal entity, and liability cannot be imposed on an individual solely by virtue of ownership or association. See Am. States Ins. Co. v. Kelley, 446 So. 2d 1085, 1086 (Fla. 4th DCA 1984); United States v. Bestfoods, 524 U.S. 51, 61–62 (1998).

64.     The Amended Complaint does not allege that Milian prepared or signed any claim submission, transmitted any claim to GEICO, rendered treatment to any identified patient, communicated with GEICO regarding any claim, or made any specific misrepresentation. These omissions are fatal where the claims sound in fraud, as Rule 9(b) requires identification of the specific individual who made each allegedly fraudulent statement and that individual's role in the misconduct. See Am. Dental Ass'n v. Cigna Corp., 605 F.3d 1283, 1291 (11th Cir. 2010).

65.     To the extent GEICO seeks to impose liability based on Milian's status as an owner or principal, such allegations fail as a matter of law. The mere fact that an individual is a shareholder or officer is insufficient to create personal liability. See *Lipsig v. Ramlawi*, 760 So. 2d 170, 187 (Fla. 3d DCA 2000). Nor does the Amended Complaint plausibly allege the elements required to pierce the corporate veil—namely domination, improper purpose, and resulting injury. See *Seminole Boatyard, Inc. v. Christoph*, 715 So. 2d 987, 990 (Fla. 4th DCA 1998).

66.     The RICO claim likewise fails as to Milian because the Amended Complaint does not allege that he participated in the "operation or management" of the enterprise or exercised operational control. See *Reves v. Ernst & Young*, 507 U.S. 170, 185 (1993); *Ray v. Spirit Airlines, Inc.*, 836 F.3d 1340, 1348 (11th Cir. 2016). Nor does it allege that Milian served as a medical director or personally benefitted from any allegedly improper payment; at most, it alleges that he is associated with MedSalud, which is insufficient as a matter of law.

67.     In sum, the Amended Complaint fails to allege any defendant-specific conduct attributable to Milian, fails to satisfy Rule 9(b), and fails to plead facts sufficient to pierce the corporate veil under Florida law. Accordingly, all claims against Milian should be dismissed.

**G.  The FDUTPA Claim Also Fails To State A Claim**

68.     GEICO's FDUTPA claim fails for multiple independent reasons.

69.     First, the Amended Complaint does not plausibly allege any specific deceptive or unfair act attributable to Defendants. To state a claim under FDUTPA, a plaintiff must allege (1) a deceptive or unfair practice, (2) causation, and (3) actual damages. See Carriuolo v. Gen. Motors Co., 823 F.3d 977, 983 (11th Cir. 2016). GEICO instead relies on generalized allegations of "fraudulent billing" and purported schemes without identifying any specific misrepresentation or omission, when it occurred, who made it, or how it misled GEICO. Such conclusory allegations are insufficient.

70.     GEICO also fails to plausibly allege causation. The Amended Complaint does not identify any specific false claim or explain how any representation caused GEICO to make a payment it otherwise would not have made. Allegations of improper billing untethered to specific conduct do not satisfy federal pleading standards.

71.     Second, the claim is not cognizable because it arises from an insurance reimbursement dispute governed by Florida's comprehensive statutory framework. GEICO's allegations are based entirely on the submission and payment of PIP claims under Florida's No-Fault law. See Fla. Stat. § 627.736. FDUTPA does not apply where the challenged conduct is governed by such a regulatory scheme. See QBE Ins. Corp. v. Chalfonte Condo. Apartment Ass'n, 94 So. 3d 541, 552–53 (Fla. 2012). Courts routinely reject attempts to recast insurance reimbursement disputes as FDUTPA claims, particularly where the plaintiff is an insurer and the allegations arise from claims handling.

72.     GEICO also improperly repackages the same alleged conduct under multiple theories—including RICO, fraud, FDUTPA, and unjust enrichment—without alleging distinct factual bases, rendering the claims duplicative

73. Further, GEICO, as an insurer seeking reimbursement, is not a consumer within the meaning of FDUTPA.

74. Accordingly, because GEICO fails to allege a cognizable deceptive act and improperly attempts to transform a statutory PIP reimbursement dispute into a FDUTPA claim, the claim must be dismissed.

## H. The Common Law Fraud Claim Fails To State A Claim

75. GEICO's common law fraud claim fails because it does not satisfy Rule 9(b). It does not identify any specific false statement, who made it, when it was made, or how it was relied upon. These deficiencies are fatal as a matter of law. See Brooks, 116 F.3d at 1371.

## I. The Declaratory Judgment Claim Fails To State A Claim For Lack Of An Actual Controversy

76. The declaratory judgment claim fails because GEICO does not allege a definite and concrete controversy that is real and substantial, as required under Article III. The Declaratory Judgment Act does not create an independent cause of action and provides a remedy only where such a controversy exists. See *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007).

77. To satisfy this requirement, the dispute must be "definite and concrete, touching the legal relations of parties having adverse legal interests," and must be "real and substantial," not hypothetical or speculative. See *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 240–41 (1937); *Malowney v. Fed. Collection Deposit Grp.*, 193 F.3d 1342, 1347 (11th Cir. 1999).

78. GEICO's Amended Complaint does not meet this standard. Although it seeks a declaration regarding purportedly "pending" or unpaid PIP claims, it fails to identify any specific claim, patient, date of service, billing submission, policy, or amount in dispute, or the factual basis for any denial or entitlement to payment. Instead, GEICO seeks a broad declaration regarding

unspecified claims arising from an alleged course of conduct over an undefined period, which amounts to an advisory opinion resolving hypothetical or future disputes rather than a justiciable controversy. Federal courts routinely reject such declaratory claims lacking a concrete factual predicate. See *Atlanta Gas Light Co. v. Aetna Cas. & Sur. Co.*, 68 F.3d 409, 414 (11th Cir. 1995).

79.     The deficiency is compounded because GEICO's declaratory claim merely duplicates the relief sought in its substantive causes of action. Its request for a declaration of non-liability is entirely derivative of its fraud, RICO, and related claims. Courts routinely dismiss such duplicative claims that serve only to mirror existing causes of action or obtain redundant adjudication. See *Wilton v. Seven Falls Co.*, 515 U.S. 277, 288 (1995).

80.     Because GEICO fails to allege a definite, concrete, and immediate controversy regarding identifiable claims—and instead seeks a generalized declaration untethered to specific facts—the declaratory judgment claim does not satisfy Article III and must be dismissed.

**81. The Unjust Enrichment Claim Fails To State A Claim**

82.     GEICO's unjust enrichment claim fails because it does not identify any specific benefit conferred upon Defendants under circumstances rendering retention inequitable. It does not allege any particular payment tied to a specific claim that was improperly retained, nor that Defendant Milian personally received any benefit. See *Della Ratta v. Della Ratta*, 927 So. 2d 1055, 1059 (Fla. 4th DCA 2006).

83.     Unjust enrichment is also unavailable where an express statutory framework governs the dispute. Florida's No-Fault statute comprehensively regulates PIP reimbursement and precludes quasi-contractual recovery in this context. See Fla. Stat. § 627.736; *Diamond S Dev. Corp. v. Mercantile Bank*, 989 So. 2d 696 (Fla. 1st DCA 2008).

84.     Accordingly, the unjust enrichment claim must be dismissed.

**85. GEICO Fails to Plausibly Allege Damages**

86.     GEICO's claims independently fail because the Amended Complaint does not plausibly allege damages tied to any specific wrongful conduct. It does not identify any particular payment made as a result of a specific misrepresentation or the amount of damages attributable to any individual claim.

87.     Instead, GEICO relies on aggregated billing data and generalized assertions of overpayment, which are insufficient under federal pleading standards requiring a concrete and particularized injury caused by the defendant's conduct. See *Twombly*, 550 U.S. at 555; *Iqbal*, 556 U.S. at 678.

88.     The Amended Complaint fails to distinguish between claims that were submitted, denied, reduced, or paid, and does not identify any specific payment resulting from a false representation. Nor does it identify a single false claim or any misrepresentation attributable to Milian. These deficiencies are fatal to all claims and underscore that this case begins and ends with GEICO's failure to identify a single false claim.

**IV.     Alternatively, GEICO Should Be Required to Provide a More Definite Statement**

89.     In the alternative, if the Court declines to dismiss the Amended Complaint, Defendants respectfully request a more definite statement pursuant to Federal Rule of Civil Procedure 12(e).

90.     Rule 12(e) permits such relief where a pleading is "so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). This standard is met where a complaint fails to identify the specific conduct at issue or otherwise obscures the factual basis of the claims.

**91.** Despite its length and volume of exhibits, the Amended Complaint fails to clearly identify: (a) the particular claim submissions allegedly submitted by MedSalud that are claimed to be false; (b)the dates, amounts, and claim numbers associated with any allegedly improper payments; (c) the specific representations within any claim that were false or misleading; or (d) the factual basis for attributing damages to MedSalud or to Milian individually.

92. Instead, GEICO relies on generalized allegations, aggregated billing data, and collective references to "Defendants," rendering the Amended Complaint unanswerable. Leaving "Defendants" without identification of the specific claims and alleged misrepresentations, Defendants cannot admit or deny the allegations, assert appropriate defenses, or otherwise respond in compliance with the Federal Rules. Requiring a response would undermine Rules 8 and 10 and result in confusion and inefficiency.

93. Accordingly, if the Court does not dismiss the Amended Complaint, it should require GEICO to file a more definite statement identifying the specific claim submissions, alleged misrepresentations, and defendant-specific conduct at issue.

**WHEREFORE**, Defendants, MEDSALUD, LLC and JUAN CARLOS HERNANDEZ MILIAN, respectfully request that this Court enter an Order:

1. **Dismiss the Amended Complaint in its entirety** pursuant to Federal Rules of Civil Procedure 8(a), 9(b), 10(b), and 12(b)(6);

2. **Dismissing all claims against Defendant JUAN CARLOS HERNANDEZ MILIAN with prejudice**, as the Amended Complaint fails to allege any facts establishing his personal participation in the alleged conduct;

3. **Dismissing GEICO's RICO, Fraud, FDUTPA, Declaratory Judgment, Unjust Enrichment, and related claims** for failure to state a claim as a matter of law;

4. **In the alternative,** requiring Plaintiff to provide a more definite statement pursuant to Federal Rule of Civil Procedure 12(e), identifying:

(a) the specific claim submissions alleged to be false;

(b) the dates and amounts of any allegedly improper payments;

(c) the precise misrepresentations contained in each claim; and

(d) the conduct attributable to each Defendant;

5. Awarding Defendants such other and further relief as the Court deems just and proper under the circumstances.

**DATED**: March 18th , 2026.

> Respectfully submitted,
> By: __*s/Moises Kaba*_____
> Moises Kaba, III, Esq.
> Florida Bar No. 570125

## CERTIFICATE OF SERVICE

I certify that on March 18th 2026, I electronically filed the foregoing Motion to Dismiss with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to the counsel of record in this case.

> By: __*s/Moises Kaba*_____
> Moises Kaba, III, Esq.
> Florida Bar No. 570125
> KABA LAW GROUP, P.L.L.C.
> Attorney for Respondent
> 8180 N.W. 36 ST., Suite 420
> Doral, FL 33178
> PH: (305) 245-9990
> eFax: (304) 242-4055
> E-mails: kabalawgroup@outlook.com
> Mkaba03@gmail.com