UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 26-CV-20203-MOORE/Elfenbein

GOVERNMENT EMPLOYEES
INSURANCE CO., et al.,

     Plaintiffs,

v.

NESTOR FERNANDEZ, M.D., P.A., *et al.*,

     Defendants.

_____/

### REPORT AND RECOMMENDATION

**THIS CAUSE** is before the Court on Plaintiffs Government Employees Insurance Co., GEICO Indemnity Co., GEICO General Insurance Company, and GEICO Casualty Co.'s (collectively, "Plaintiffs") Motion for Default Judgment Against Defendant Laura Garcia Diaz ("Defendant Diaz" or "Defendant"), ECF No. [35], and Defendant's Unopposed Motion to Vacate Default, ECF No. [39].  The Honorable K. Michael Moore referred both motions to the undersigned for a Report and Recommendation.  *See* ECF No. [40].  For the reasons explained below, I respectfully **RECOMMEND** Defendant's Unopposed Motion to Vacate Default, **ECF No. [39]**, be **GRANTED**; the Clerk's Entry of Default against Defendant Diaz, **ECF No. [32]**, be **VACATED**; and Plaintiffs' Motion for Default Judgment, **ECF No. [35]**, be **DENIED AS MOOT**.

I.      **BACKGROUND**

On January 13, 2026, Plaintiffs filed this action against multiple Defendants, including Defendant Diaz.  *See* ECF No. [1].  On March 4, 2026, Plaintiffs filed an Amended Complaint against all Defendants.  *See* ECF No. [20].  The Amended Complaint alleges, among other things,

a scheme involving allegedly fraudulent and unlawful no-fault, or personal injury protection, insurance billing submitted to Plaintiffs through various medical-provider entities. *See id.* at 1-2.

Defendant Diaz was served on March 14, 2026. *See* ECF No. [22]. Her response to the Amended Complaint was due on April 6, 2026. *See id.* When Defendant Diaz did not timely appear, answer or otherwise respond, Plaintiffs moved for entry of clerk's default against her. *See* ECF No. [31]. On April 22, 2026, the Clerk entered a default against Defendant Diaz. *See* ECF No. [32]. The next day, on April 23, 2026, Judge Moore entered a Notice of Court Practice upon entry of default, informing Plaintiffs to move for default judgment within twenty (20) days, or "the Court will be divested of jurisdiction to enforce any judgment against Defendants." ECF No. [33].

On May 13, 2026, Plaintiffs timely filed their Motion for Default Judgment. *See* ECF No. [35]. Plaintiffs seek default final judgment against Defendant Diaz on three counts in the Amended Complaint: common law fraud (Count 28), violation of the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA") (Count 29), and unjust enrichment (Count 30). *Id.* at 9-14. In support, Plaintiffs submitted a declaration from Richard Zappa, Plaintiffs' PIP Litigation Manager. *See* ECF No. [35-1].

That same day, Defendant appeared through counsel, filed an Answer to the Amended Complaint, ECF No. [38], and filed the Unopposed Motion to Vacate Default, ECF No. [39]. In the Motion to Vacate, Defendant represents that her failure to respond was not willful, that she misunderstood her obligation to respond, and that Plaintiffs do not oppose vacatur of the default. *See* ECF No. [39] at 1-2. Defendant submitted a declaration explaining that, after being served, she contacted BBB Medical Center Group Inc., was told BBB had hired counsel, and was working toward settlement and mistakenly assumed she did not need to respond to the Amended Complaint. *See* ECF No. [39-1] at 1-2. She further states that she does not read English and did not

comprehend that she needed to respond to the lawsuit. *See id.* Defendant also asserts a merits-based defense, stating that Plaintiffs misstate the nature of the services performed at BBB and that BBB billed for nursing care, not unlawful physical therapy performed by unsupervised massage therapists. *See id.* at 2.

## II.     LEGAL STANDARDS

### A.      Entry of Clerk's Default and Default Judgment

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55 (a). After the clerk enters a default, the party seeking default "must apply to the court for a default judgment." Fed. R. Civ. P. 55 (b)(1); *see also Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1244 (11th Cir. 2015) ("When a defendant has failed to plead or defend, a district court may enter judgment by default."). "While a defaulted defendant is deemed to admit the plaintiff's well-pleaded allegations of fact, he is not held to admit facts that are not well-pleaded or to admit conclusions of law. Entry of default judgment is only warranted when there is a sufficient basis in the pleadings for the judgment entered." *Surtain*, 789 F.3d at 1245 (cleaned up).

The Eleventh Circuit has "interpreted the standard" for evaluating whether a sufficient basis for default judgment exists "as being akin to that necessary to survive a motion to dismiss for failure to state a claim." *Id.*; *see also Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1370 n.41 (11th Cir. 1997) ("[A] default judgment cannot stand on a complaint that fails to state a claim."). Of course, to "survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "This

3

CASE NO. 26-CV-20203-MOORE/Elfenbein

plausibility standard is met 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Surtain*, 789 F.3d at 1245 (quoting *Iqbal*, 556 U.S. at 678).

### B.  Vacate Default

A court "may set aside an entry of [clerk's] default for good cause."  Fed. R. Civ. P. 55(c). The good cause standard used in setting aside a clerk's entry of default is less stringent than the required showing to set aside a default judgment.  *See E.E.O.C. v. Mike Smith Pontiac GMC, Inc.*, 896 F.2d 524, 528 (11th Cir. 1990); Fed. R. Civ. P. 60(b).  As the Eleventh Circuit has explained:

> Good cause is a mutable standard, varying from situation to situation.  It is also a liberal one—but not so elastic as to be devoid of substance.  We recognize that good cause is not susceptible to a precise formula, but some general guidelines are commonly applied. Courts have considered whether the default was culpable or willful, whether setting it aside would prejudice the adversary, and whether the defaulting party presents a meritorious defense.  We note, however, that these factors are not talismanic, and that courts have examined other factors including whether the public interest was implicated, whether there was significant financial loss to the defaulting party, and whether the defaulting party acted promptly to correct the default.  Whatever factors are employed, the imperative is that they be regarded simply as a means of identifying circumstances which warrant the finding of 'good cause' to set aside a default.  However, if a party willfully defaults by displaying either an intentional or reckless disregard for the judicial proceedings, the court need make no other findings in denying relief.

*Compania Interamericana Exp.-Imp., S.A. v. Compania Dominicana de Aviacion*, 88 F.3d 948, 951–52 (11th Cir. 1996) (quotation marks and citations omitted).

Because "there is a strong policy of determining cases on their merits," courts in this Circuit "view defaults with disfavor."  *In re Worldwide Web Sys., Inc.*, 328 F.3d 1291, 1295 (11th Cir. 2003); *see also Surtain*, 789 F.3d at 1244–45 ("Because of our strong policy of determining cases on their merits, however, default judgments are generally disfavored." (quotation marks omitted));

4

*Varnes v. Loc. 91, Glass Bottle Blowers Ass'n of U.S. & Can.*, 674 F.2d 1365, 1369–70 (11th Cir. 1982) (noting that "default judgments are disfavored" and that "the federal rules favor a decision on the merits" and "[c]ourts prefer adjudication on the merits").  "For that reason, any doubts regarding whether to set aside an entry of default should be resolved in favor of the party seeking relief."  *Insituform Techs., Inc. v. AMerik Supplies, Inc.*, 588 F. Supp. 2d 1349, 1352 (N.D. Ga. 2008); *see also Davis v. Parkhill–Goodloe Co.*, 302 F.2d 489, 495 (5th Cir. 1962) ("[A]ny doubt should, as a general proposition, be resolved in favor of the movant to the end of securing a trial upon the merits." (quotation marks omitted)); *Chunara v. SOL Glob. Invs. Corp.*, No. 22-CV-22167, 2023 WL 3171995, at *3 (S.D. Fla. Apr. 3, 2023) (same).  A defendant need only make "a bare minimum showing to support relief under Rule 55(c)."  *See Jones v. Harrell*, 858 F.2d 667, 668–69 (11th Cir. 1988) (explaining that a district court did not abuse its discretion by setting aside a clerk's default when a defendant "had made a bare minimum showing to support relief under Rule 55(c)").

## III.    DISCUSSION

Upon review of Defendant's Unopposed Motion to Vacate Default, the record, and the relevant law, the Court finds that Defendant has established good cause to vacate the Clerk's entry of default. First, the record does not show that Defendant Diaz willfully disregarded this case. According to her declaration, after being served, she reached out to BBB Medical, was told BBB had hired counsel, and was working toward settlement and mistakenly assumed she did not need to respond.  *See* ECF No. [39-1] at 1.  She further states that, when she learned a default had been entered, she retained counsel to vacate the default and respond.  *See id.* at 2.  These facts do not support a finding of intentional or reckless disregard for judicial proceedings.  *See Compania Interamericana Exp.-Imp., S.A*, 88 F.3d at 951–52.

5

Second, vacating the default would not prejudice Plaintiffs. Indeed, Plaintiffs do not oppose the vacatur of the default. *See* ECF No. [39] at 3. That substantially undermines any prejudice concern. Further, the prejudice relevant to the Rule 55(c) inquiry is prejudice resulting from the delay, not the fact that a plaintiff must litigate the case on the merits. *See Lacy v. Sitel Corp.,* 227 F.3d 290, 293 (5th Cir. 2000) ("There is no prejudice to the plaintiff where the setting aside of the default has done no harm to plaintiff except to require it to prove its case."); *Gen. Tel. Corp. v. Gen. Tel. Answering Serv.*, 277 F.2d 919, 921 (5th Cir. 1960) (same); *Conn. State Dental Ass'n v. Anthem Health Plans, Inc.*, 591 F.3d 1337, 1357 (11th Cir. 2009) (same). Here, the default was entered on April 22, 2026, and Defendant moved to vacate it on May 13, 2026, a mere three weeks later. *See* ECF Nos. [32] and [39]. The record does not suggest, and Plaintiffs do not dispute that this short delay impaired Plaintiffs' ability to prosecute their claims or obtain discovery.

Third, Defendant Diaz acted promptly. The Court notes that she moved to vacate within twenty-one (21) days after the Clerk's entry of default. *See* ECF Nos. [32] and [39]. Courts regularly find similar time periods sufficiently prompt under Rule 55(c). *See, e.g., Bent v. Smith, Dean & Assocs., Inc.*, No. 11-CV-66-J-TEM, 2012 WL 1325031, at *2 (M.D. Fla. Apr. 17, 2012) (finding insufficient evidence of culpable or willful default where defendant moved to set aside default less than one month after it was entered); *cf. Fla. Physician's Ins. Co. v. Ehlers*, 8 F.3d 780, 783–84 (11th Cir. 1993) (affirming denial of relief where defendant waited almost a year to challenge default judgment).

Fourth, Defendant Diaz has made at least the "bare minimum showing" of a potentially meritorious defense required for Rule 55(c) relief. *Jones*, 858 F.2d at 668–69. Plaintiffs' Motion for Default Judgment explains that they seek judgment against Defendant Diaz on claims for

common law fraud, FDUTPA violations, and unjust enrichment arising out of alleged fraudulent PIP billing through BBB Medical.  *See* ECF No. [35].  Defendant Diaz, however, denies a central premise of Plaintiffs' theory.  *See* ECF No. [39].  At this stage, the Court need not determine whether that defense will ultimately succeed.  It is enough that Defendant Diaz has identified factual disputes that, if proven, may constitute a defense to Plaintiffs' claims.

Finally, the strong preference for resolving cases on the merits supports vacating the default.  *See Worldwide Web*, 328 F.3d at 1295; *Surtain*, 789 F.3d at 1244–45; *Varnes*, 674 F.2d at 1369–70.  That preference is especially compelling here because Plaintiffs do not oppose vacatur and Defendant Diaz appeared, answered, and sought relief from default on the same day Plaintiffs moved for default judgment.  *See* ECF Nos. [35], [37], [38], and [39].

Accordingly, the Court finds that Defendant Diaz has shown good cause to vacate the Clerk's entry of default.  Because default judgment cannot be entered without a valid entry of default, Plaintiffs' Motion for Default Judgment should be denied as moot.

## IV.   CONCLUSION

For the foregoing reasons, I respectfully **RECOMMEND** that:

1. Defendant Diaz's Unopposed Motion to Vacate Default, **ECF No. [39]**, be **GRANTED**;

2. The Clerk's Entry of Default against Defendant Diaz, **ECF No. [32]**, be **VACATED**;

3. Plaintiffs' Motion for Default Judgment Against Defendant Diaz, **ECF No. [35]**, be **DENIED AS MOOT**; and

4. Defendant's Answer to the Amended Complaint, **ECF No. [38]**, be **DEEMED TIMELY FILED**.

Pursuant to Local Magistrate Rule 4(b), the Parties will have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the Honorable K. Michael Moore, United States District Judge.  Failure to timely file objections shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report except upon grounds of plain error if necessary in the interest of justice.  *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1.

**RESPECTFULLY SUBMITTED** in Chambers in Miami, Florida on June 3, 2026.

**MARTY FULGUEIRA ELFENBEIN**
**UNITED STATES MAGISTRATE JUDGE**

cc: All Counsel of Record

8